## AVERY *v.* MATTICE.

*(Supreme Court, General Term, Third Department. Feb. 24, 1890.)*

1. ASSUMPSIT—EVIDENCE.
   . Where, in a suit to recover $500 which plaintiff alleged to have loaned defendant to promote an election at which they were candidates, defendant admitted that plaintiff drew and advanced $500 to the election fund, but denied that he borrowed or received the sum from plaintiff, the latter's check upon which he drew the $500 was properly excluded.

2. SAME.
   Upon cross-examination defendant could properly prove by plaintiff that it was his impression that the money was to be used for election purposes.

3. SAME—SELF SERVING DECLARATIONS.
   Where defendant asked plaintiff upon cross-examination if he had made any memorandum of the transaction, and he said he had, plaintiff could not, on his redirect examination, read the memorandum in evidence.

4. SAME.
   Defendant could show that on several occasions after the date of the alleged loan plaintiff lent him money and presented bills for services, all of which defendant paid without any mention made by plaintiff of the alleged loan.

5. SAME.
   Evidence that defendant borrowed money of others, not shown to be candidates, and of the relative majorities received by the parties at the election, was properly excluded as immaterial.

6. WITNESS—PRIVILEGED COMMUNICATIONS TO ATTORNEY.
   The testimony of a witness as to communications made to him by plaintiff was objected to as privileged communications to him, as an attorney at law. The witness was the political friend of both parties. Plaintiff sought his intervention to procure a settlement, and as soon as the nature of the business was disclosed the witness declined to act. *Held*, that his testimony was properly admitted.

7. SAME—EXAMINATION.
　　A witness having testified that he had no recollection of the transaction, plaintiff could not, to refresh his memory, ask him when he first heard of plaintiff's claim.
8. SAME.
　　Upon his redirect examination defendant testified that there was a treasurer holding the funds for disbursement at the election.　　Upon cross-examination he was asked to give the name of the treasurer.　*Held* properly excluded, there being no claim that plaintiff had himself delivered the $500 to the treasurer.

Appeal for judgment on report of referee.

Action by John Avery against Manly B. Mattice. Plaintiff appeals from a judgment entered in favor of defendant upon the report of a referee.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Sidney Crowell,* for appellant.　*John A. Griswold,* for respondent.

LANDON, J.　The plaintiff seeks to recover $500, which he alleges he loaned to the defendant November 7, 1882. Both parties were candidates upon the same ticket for office in Greene county, at the general election on that day. The plaintiff's claim is that, prior to and during the day of the election, the prospect of the election of the defendant was bad, but good respecting himself; that the funds provided to promote the election were about exhausted; that the defendant was frightened, and he solicited a loan of $500 of the plaintiff, which the plaintiff then made to him.　The claim of the defendant is that each party during election day agreed to contribute $500 more; that the defendant made his contribution; that he did not borrow any sum of the plaintiff, received no money from him, and did not see him deliver any sum to any one.　The referee found in favor of the defendant.　This finding is upon conflicting testimony.　It is not against its clear weight, and it ought to be upheld, unless it was reached because of errors committed upon the trial to the prejudice of the plaintiff.　The plaintiff assigns such errors.

1. The referee refused to receive in evidence the plaintiff's check, upon which he drew $500 from the bank upon that day.　The defendant did not deny that the plaintiff drew and advanced $500 on that day to the election fund.　His denial was that he did not borrow nor receive the sum from the plaintiff.　The check threw no light upon the issue, and was not improperly excluded.

2. The plaintiff testified in his own behalf to the circumstances of the transaction.　Upon cross-examination the defendant was permitted to prove by him that it was his impression that the money was to be used for election purposes.　It was proper for the defendant to clear the case of any doubt that the plaintiff understood the purpose for which the money was to be applied.　Defendant's claim being that the money was contributed for election purposes, it was certainly part of his case to show that plaintiff understood the purpose. .

3. The defendant asked the plaintiff upon cross-examination if he had made any memorandum of the transaction.　He said he had.　The defendant proceeded no further with the inquiry.　This did not entitle the plaintiff upon his redirect examination to read the memorandum in evidence.　If the defendant had questioned or impeached plaintiff's testimony as to this collateral matter, then the plaintiff might have fortified his statement, but as the plaintiff was not entitled upon his own motion to give his own declarations in his favor, and as the defendant had not asked him to produce them, he could not advance any further in that direction than the defendant had led him.

4. It was competent for the defendant to show that, upon several occasions subsequent to the date of the alleged loan, plaintiff lent money to defendant and presented bills for services, all of which defendant paid, without any mention made by plaintiff of this alleged loan.　Not that it was plaintiff's duty to mention it, but because it was possible that the occasions invited

mention, and the facts in connection with the circumstances were not altogether forfeited to the issue to be determined.

5. The fact that defendant borrowed money of others, not shown to be candidates, could not tend to show that the plaintiff lent him the money in question.

6. The relative majorities received by the parties at the election was a subsequent event, which, not being foreknown, could not aid in determining the issue.   That the defendant was in doubt and anxiety as to his own election, he admitted.

7. The objection to the testimony of Jones, a witness for the defendant, was based upon the assumption that the communication made by plaintiff to him was made to the latter in his professional capacity.   This was a preliminary question of fact, to be determined by the referee.   Jones was an attorney at law, but he was surrogate's clerk, and the defendant was the surrogate.   He was the personal and political friend of both parties, and it is clear that the plaintiff sought his intervention as such, in order to procure an amicable settlement.   Jones, as soon as the nature of plaintiff's solicitation was disclosed to him, declined to act.   We think the referee correctly decided the preliminary question, and therefore properly admitted Jones' testimony.

8. The witness Bagley was called by the plaintiff, and testified that he had no recollection of the transaction whatever.   The plaintiff, in order to probe or refresh his recollection, asked him when he first heard of plaintiff's claim against the defendant.   The referee sustained defendant's objection to the question.   The fact sought was not competent upon the issue, and the extent to which a party may probe the recollection of his witness, who disappoints him, is largely within the discretion of the referee, and we cannot say that he unwisely exercised it.

9. The defendant, upon his direct examination, testified that there was a treasurer holding the funds for disbursement at the election.   Upon cross-examination he was asked to give the name of the treasurer, and the referee sustained his objection to the question.   There was no claim by defendant that the plaintiff had himself delivered the $500 to this treasurer.   He simply denied any knowledge of plaintiff's delivery of the money to any one, and that he himself had received it as a loan or otherwise.   It does not appear that the plaintiff could have been injured by the suppression of the name of the treasurer, and it was not improper for the referee to limit the somewhat unpleasant investigation to those shown to have had some knowledge of the facts throwing light upon the exact issue.

None of the errors assigned by the plaintiff require the reversal of the judgment.   Judgment affirmed, with costs.   All concur.